**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

BARRY-WEHMILLER COMPANIES, INC.,

        Plaintiff,

vs.

                                      Civil Action No. 09-CV-674 BBC

CARL R. MARSCHKE, GAY MARSCHKE,
KARL W. MARSCHKE, LYNDA LUDWIG,
DAN LUDWIG, DEAN MARSCHKE,

        Defendants.

**PLAINTIFF BARRY-WEHMILLER COMPANIES, INC.'S**
**BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE**
**PURSUANT TO FRCP 42(A)**

Plaintiff, Barry-Wehmiller Companies, Inc. ("BWC"), in support of its motion to

consolidate the above-styled action pursuant to Rule 42(a) of the Federal Rules of Civil

Procedure with *Carl Marschke and Gay Marschke v. Barry-Wehmiller Companies, Inc.*, No. 09-

cv-398-BBC, United States District Court for the Western District of Wisconsin, states as

follows:

**<u>BACKGROUND</u>**

**A.**     **Nature of Claims**

This is a dispute arising out of a Sale Agreement dated September 14, 2000 ("Sale

Agreement") for the assignment of all rights, title and interest in certain promissory notes

totaling $2,000,000.00 in principal amount held by Defendants, Carl and Gay Marschke, and

Karl Marschke, Lynda Ludwig, Dan Ludwig and Dean Marschke (collectively "the Marschkes"),

to BWC. In exchange for these assignments, the Sale Agreement provides for future payments

to be calculated based on "product line margins" in excess of certain "baseline acquisition

assumptions," as outlined in the "future payment program" provisions of the Sale Agreement. The Sale Agreement contemplates that these future payments, if any, would be made in the form of stock in BWC's parent company, Barry-Wehmiller Group, Inc. ("BWG"), and cash.

Plaintiff BWC seeks a declaratory judgment regarding the scope of the future payment program and the method for calculating future payments, if any, pursuant to the express terms of the Sale Agreement. BWC also seeks declaratory judgment concerning its rights and responsibilities with respect to the parties to the Sale Agreement and the individual Marschkes who held an interest in the promissory notes, including Defendants Carl and Gay Marschke, and Karl Marschke, Lynda Ludwig, Dan Ludwig and Dean Marschke.

Under its express terms, the Sale Agreement is governed by Missouri law.

The claims asserted in *Carl Marschke and Gay Marschke v. Barry-Wehmiller Companies, Inc.*, No. 09-cv-398-BBC, United States District Court for the Western District of Wisconsin ("the Marschke action") also arise out of the Sale Agreement. In the Marschke action, Carl and Gay Marschke allege a contract dispute concerning the amount allegedly owed by BWC under the terms of future payment program. Carl and Gay Marschke seek a money judgment in an amount to be determined, declaratory relief and an accounting of the value of all stock which they maintain should have been paid upon Carl Marschke's 65th birthday.

Although the claims and parties overlap between the two cases, they are not identical. First, BWC seeks declaratory judgment as to its relative rights and responsibilities as to each of the Marschke family members who are parties to the Sale Agreement and who held an interest in the promissory notes, including Carl and Gay Marschke, their sons Karl and Dean Marschke, daughter Linda Ludwig, and son-in-law Dan Ludwig. In the Marschke action, however, Carl and Gay Marschke seek to recover purported damages solely for themselves. Second, in its

2

declaratory judgment claim, BWC expressly seeks an order regarding the scope of the future payment program and the methodology for calculating any monies due thereunder, based on a legal construction of the express language of the Sale Agreement.  Carl and Gay Marschke, on the other hand, seek damages for purported breach of contract and an accounting of the value of the stock allegedly payable under the terms of the Sale Agreement.

**B.      Procedural Posture**

BWC filed a motion to dismiss the Marschke action for failure to join indispensable parties, and a motion to transfer pursuant to 28 USC § 1404(a).  This Court, in lieu of transferring the Marschke's action to the Eastern District of Missouri, acknowledged that the two actions are appropriate for consolidation in the Western District of Wisconsin.  *See Carl Marschke and Gay Marschke v. Barry-Wehmiller Companies, Inc.*, No. 09-cv-398-BBC, United States District Court for the Western District of Wisconsin, 10/16/09 Notice to the Court of Opinion & Order [Doc #42].

On December 16, 2009, the Honorable Magistrate Stephen L. Crocker conducted a telephonic preliminary pretrial conference in this matter.  Upon the suggestion of the parties, as outlined in the joint pretrial report and proposed discovery plan, the Court imposed the same calendar as set in the Marschke action.  [*See* Document No. 9].

**<u>DISCUSSION</u>**

Rule 42(a) provides for consolidation of actions involving common questions of law or fact.  *See American Family Home Ins. Co. v. Hillery*, 2009 WL 2711901, * 2 (S.D. Ala. July 20, 2009) (quoting *Young v. City of Augusta,* 59 F.3rd 1160, 1168 (11th Cir. 1995)).  While the authority to consolidate is permissive and discretionary, courts are "encouraged ... to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and

confusion." *Id. (*quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.

1985).

"Actions that involve the same parties are apt candidates for consolidation... [and]

consolidation is particularly appropriate when the actions are likely to involve substantially the

same witnesses and arise from the same series of events or facts." *Hanson v. District of*

*Columbia,* 257 FRD 19, 21 (D.D.C. 2009).  However, complete overlap in the parties' identities

in the subject actions is not a prerequisite to consolidation.  "Cases may be consolidated even

where certain defendants are named in only one of the complaints." *Jacobs v. Castillo*, 612

F.Supp.2d 369, 373 (S.D.N.Y. 2009); accord *Steien v. Jackson Co. Zoning Comm.*, 2004 WL

720273, *1 (W.D.Wis. March 29, 2004) (Crabb, J.) (noting that the zoning committee was

named as a defendant in one case, and was named with all committee members in second action,

in granting motion to consolidate).

Review of the above-styled action and the Marschke action confirms that the interests of

judicial economy, consistency, timeliness and convenience are best promoted by consolidation of

this action and the Marschke action.  Both cases arise under the terms of the Sale Agreement,

and therefore, present common questions of law and fact.  One of the key issues for resolution in

both cases is the scope of the future payment program, and the method for calculating any

monies due, as provided under the express terms of the Sale Agreement.  The Marschkes

acknowledge that Missouri law governs, in accordance with the express terms of the parties'

agreement.  Consolidation will eliminate the risk of conflicting or inconsistent rulings, with no

resulting prejudice to the parties.

Moreover, the parties to this action have agreed to adopt and use the Rule 26(a)(1)

disclosures previously exchanged in the Marschke action; the persons likely to have discoverable

information are identical in each of the actions.  Thus, there is likely to be substantial overlap in the witnesses and pertinent documents in each action.  Consolidation will reserve resources by reducing or eliminating duplicative discovery and reducing unnecessary inconvenience to potential nonparty witnesses.

"Moreover, both cases are in the same procedural posture and stage of litigation..." *American Family Home Ins. Co. v. Hillery*, 2009 WL 2711901, * 2 (noting that consolidation would not result in prejudice, delay, inconvenience or additional expense in part on the basis that the cases were set for the same pretrial and trial term).  "The cases already have been consolidated for scheduling purposes, with identical deadlines for all occurrences", including the same trial date.  *Steien v. Jackson Co. Zoning Comm.*, 2004 WL 720273, *1.  By granting the motion to consolidate, the Court will simply reduce two consecutive trials to one.  *Id.*  "This is fair and efficient to both sides."  *Id.*

This Court previously recognized that the two subject actions are appropriate for consolidation.  Defendants, in moving to transfer the above-styled action to this Court, and subsequently consenting to adopt the same case management schedule in both actions, presumably also recognized the value of consolidation.  Accordingly, BWC respectfully requests that the Court formally consolidate both actions for purposes of all pretrial proceedings and trial.

WHEREFORE, Plaintiff, Barry-Wehmiller Companies, Inc., respectfully requests an order consolidating the above-styled action with *Carl Marschke and Gay Marschke v. Barry-Wehmiller Companies, Inc.*, No. 09-cv-398-BBC, United States District Court for the Western District of Wisconsin, and for such further instructions and relief as this Court deems proper.

SLC-3444732-1

DATED:  December 31, 2009.

/s Jeanine R. Bermel, *pro hac admission*

Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone:  314-480-1500
Fax:  314-480-1505
Email:  jeanine.bermel@huschblackwell.com
and

Todd M. Weir, WI #1010442
Neal Krokosky, WI #1061620
Otjen, Van Ert & Weir, S.C.
700 N. Water Street, Suite 800
Milwaukee, WI 53202
Phone:  414-271-7271
Fax:  414-271-7272
Emails:  tweir@otjen.com
         nkrokosky@otjen.com

*Attorneys for Plaintiff Barry-Wehmiller
Companies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system to all attorneys of record on December 31, 2009:

| | |
|---|---|
| Jeffrey J. Liotta, #1000745<br>Nathan A. Fishbach, #1007873<br>Whyte Hirschboeck Dudek, S.C.<br>555 East Wells Street, Suite 1900<br>Milwaukee, WI 53202<br>Phone: 414-978-5545; Fax: 414-223-5000<br>jliotta@whdlaw.com<br>nfishbach@whdlaw.com | Barbara J. Zabawa, State Bar No.1030917<br>Whyte Hirschboeck Dudek S.C.<br>33 East Main Street, Suite 300<br>Madison, WI 53703-4655<br>Telephone:  608-255-4440<br>Fax:  608-258-7138<br>Email:  bzabawa@whdlaw.com |

*Attorneys for Defendants*

s/ Jeanine R. Bermel

6