## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

BARRY-WEHMILLER COMPANIES, INC.,

        Plaintiff,

   vs.
                               Civil Action No. 09-CV-674 BBC

CARL R. MARSCHKE, GAY MARSCHKE,
KARL W. MARSCHKE, LYNDA LUDWIG,
DAN LUDWIG, DEAN MARSCHKE,

        Defendants.

## PLAINTIFF, BARRY-WEHMILLER COMPANIES, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(f)

      The express relief sought by BWC in this action against Defendants Carl and Gay Marschke, Karl Marschke, Lynda Ludwig, Dan Ludwig and Dean Marschke (collectively referred to as "the Marschkes") raises issues outside the scope of the claims brought on behalf of Carl and Gay Marschke in a separate lawsuit before this Court. *See Carl R. Marschke and Gay A. Marschke v. Barry-Wehmiller Companies, Inc.*, Case No. 09-cv-398-bbc. Resolution of Carl and Gay Marschke's claims will not dispose of or address the relief sought by BWC in this action. Accordingly, the Marschkes' motion to strike BWC's first amended complaint pursuant to Rule 12(f) as redundant and repetitious of the claims asserted by Carl and Gay Marschke should be denied.[1]

---

[1] Although styled as a "motion to dismiss," the Marschkes seek to strike BWC's complaint as "redundant" on the basis of Rule 12(f). As an initial matter, the propriety of this motion is questionable on its face. BWC's and Carl and Gay Marschke's respective claims are asserted in separate and independent actions; the Marschkes did not join BWC's pending motion to consolidate. Accordingly, there are no other claims asserted

In its First Amended Complaint, BWC expressly outlines the precise declaratory

judgment relief sought:

> WHEREFORE, Plaintiff Barry-Wehmiller Companies, Inc. prays that this Court
> enter judgment in favor of Plaintiff and against Defendants and issue an Order as
> follows:
>
> a)      Declaring that Defendants Lynda L. Ludwig, Dan Ludwig and
> Dean Marschke failed to satisfy the conditions precedent set forth in the Sale
> Agreement, and accordingly, are not entitled to receive future payments under the
> Sale Agreement;
>
> b)      Declaring that, pursuant to the express terms of the Sale
> Agreement, future payments are calculated based on a percentage of actual
> margin earned from sales of the product line acquired by Plaintiff through the
> purchase of certain assets from Marquip, Inc. and the sale of enhancement to that
> product line in excess of the baseline projected margin referenced in the Sale
> Agreement;
>
> c)      Declaring that the calculation of future payments under the terms
> of the Sale Agreement do not include margin earned from the sale of product lines
> acquired from sources other than Plaintiff's purchase of certain assets of Marquip,
> Inc;
>
> d)      Declaring that Plaintiff's liability for future payments under the
> terms of the Sale Agreement is limited to the total of $14,700.00 USD and 1,482
> shares of Barry-Wehmiller Group, Inc. common shares currently valued at $28.88
> USD per share...

BWC First Amended Complaint, 4:09-cv-00760-TIA [Doc. No. 4].

In contrast, in their independent action, Carl and Gay Marschke seek monetary

damages for BWC's alleged breach of contract.  They also seek generally, for themselves

only, "[d]eclaratory relief and an accounting of all stock that should be awarded and its

value as of Carl Marschke's 65th birthday."

---

in this lawsuit to duplicate.  The Marschkes' Rule 12(f) motion is premature, improper
and should be denied.

## ARGUMENT

The decision whether to strike a party's pleading under Rule 12(f) is discretionary. *United States v. Zanefi*, 353 F.Supp.2d 962, 964 (N.D. Ill 2005). Generally, motions to strike are disfavored. *See U.S. Bank Nat'l Assoc. v. Alliant Energy Resources*, *Inc.*, 2009 WL 1850813, * 3 (W.D. Wis. June 26, 2009) (Barbara B. Crabb, District Judge) [citations omitted].  Such motions "waste time by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim." *Id.* [citation omitted]; *see also Sentry Ins. v. Novelty, Inc.*, 2009 WL 5087688 (W.D. Wis. Dec. 17, 2009) (Stephen L. Crocker, Magistrate Judge) (denying motion to strike defendant's counterclaim for nonbreach of contract asserted in response to plaintiff's breach of contract claim as "premature").

The Marschkes, in moving to strike BWC's claims as redundant and repetitive of Carl and Gay Marschkes' claims, merely rely on two cases from the Northern District of Illinois in which the court dismissed counterclaims as duplicative of issues raised in the complaint.[2]  As recently recognized by this Court, those cases are not controlling.  *See U.S. Bank Nat'l Assoc. v. Alliant Energy Resources, Inc.*, 2009 WL 1850813, * 3 (W.D. Wis. June 26, 2009) (Barbara B. Crabb, District Judge)  In that case, the plaintiff filed a claim for breach of an indenture agreement and for declaratory judgment that plaintiff was not contractually required to sign a fifth supplemental indenture.  Defendants, in

---

[2] The Marschkes' reliance on *Tenneco, Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) is misplaced.  In *Tenneco,* the issue before the Court was whether a denial of a motion to intervene constituted a final and appealable order.  Ultimately, the Court dismissed the appeal for lack of jurisdiction on the grounds that the order denying the motion to intervene was an interlocutory order.  The court of appeals expressed no opinion on whether any counterclaims should be dismissed or stricken by the district court under Rule 12(f).

their counterclaim, sought a declaration that defendant Resources had not breached the indenture; that defendant Alliant validly assumed the obligations of defendant Resources under the indenture, thereby releasing defendant Resources from further obligations, and; an order compelling the plaintiff to sign a fifth supplemental indenture.

In denying the plaintiff's motion to strike the defendants' counterclaims, this Court first recognized that portions of the defendants' counterclaims were indeed duplicative of issues raised by the plaintiffs' claims, namely, whether a breach had occurred.  The Court further found, however, that an adverse ruling on plaintiffs' request that it was not contractually required to sign the fifth indenture would not automatically result in the affirmative relief requested by the defendant – that the plaintiff be compelled to execute the indenture.  Thus, the defendants' requested relief raised issues that would not be resolved on the plaintiffs' claims alone.  Moreover, this Court noted that it was premature to determine if an adverse judgment on the plaintiffs' claim for breach would automatically result in a favorable judgment of nonbreach for the defendants.[3]

The court in *Iron Mountain Security Storage Corp. v. American Specialty Foods, Inc.*, 457 F.Supp. 1158 (ED Pa. 1978) reached a similar conclusion in denying the plaintiffs' Rule 12(f) motion to strike the defendant's counterclaim as repetitive.  There, the parties entered into an agreement that provided defendant with an option to repurchase a promissory note.  A dispute later arose regarding construction of the

---

[3] The Marschkes' attempt to distinguish this Court's denial of the plaintiffs' motion in *U.S. Bank National Association* fails.  BWC seeks an order affirming its construction and interpretation of the scope of the future payment program under the Sale Agreement at issue, an order confirming its calculations under the terms of the agreement, and an order concerning its relative right and obligations as to all of the Marschke defendants.  Contrary to the Marschkes' characterization of BWC's declaratory judgment claim, the parties are NOT seeking "exactly the same thing."  Like this Court's observation in *U.S. Bank Nat'l Assoc.*, a denial of Carl and Gay Marschkes' claims will not automatically result in an order granting the relief requested by BWC.

agreement terms for calculating the repurchase price.  The plaintiff filed the action seeking an order that it correctly determined the purchase amount in accordance with the terms of the agreement, and that it could hold the note until defendant paid the amount determined by plaintiff, among other things.  The defendant thereafter filed a counterclaim for breach of contract and a tort claim for compensatory and punitive damages premised on malicious breach of contract.  The plaintiff subsequently filed a motion to dismiss the counterclaim on the grounds that it duplicated the plaintiff's claim.

In denying the plaintiff's motion, the Court found that the relief requested by the defendant did not merely duplicate issues raised in the plaintiff's complaint:

> Defendants would have every right to seek a judgment declaring that Their interpretation of the contract was the correct one.  A ruling adverse to plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically follow from that judgment that defendants' interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless they specifically requested one.

*Id.* at 1162.

Similarly, in LeMaster v. USAA Life Ins. Co., 1995 WL 708656, *3 (M.D.Fla. Nov. 27, 1995), the plaintiff sued for benefits under an insurance policy and the insurer counterclaimed, seeking a declaratory judgment that the contract was rescindable and had been rescinded, plus costs and fees.  The court declined to strike the counterclaim, finding that the complaint, affirmative defenses, and counterclaim differed on both "factual and legal questions."  *Id.* *3.  The counterclaim sought to rescind the insurance policy, while the complaint alleged breach of contract, and the counterclaim sought the "affirmative relief of costs and equitable remedies as opposed to mere affirmative defenses which are used to negate liability."  *Id.*

In this case, BWC seeks a judgment declaring that its interpretation and construction of the contract is correct.  A ruling that Carl and Gay Marschke are not entitled to the relief they requested on behalf of themselves only will not automatically result in an order that BWC correctly construed and applied the contract terms in calculating the amount of future payments due, or an order with regards to BWC's relative rights and responsibilities as to the remaining Marschkes.  In short, BWC's claim, and the relief sought thereunder, are not mirror images of the claims asserted by Carl and Gay Marschke.  Resolution of the Marschkes' claims will not render BWC's claims moot.

The Marschkes' argument that dismissal of BWC's claim for declaratory judgment will further the interest of judicial economy by eliminating "extra motions, briefing and issues of proof" alone provides sufficient basis for denying their motion.  If true, then indeed BWC's claim and the relief sought are not mirror images of the claims asserted by Carl and Gay Marschke.[4]  "[T]he safer [course] [sic] for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action."  *U.S. Bank Nat'l Assoc. v. Alliant Energy Resources*, *Inc.*, 2009 WL 1850813, * 3 (W.D. Wis. June 26, 2009) (Barbara B. Crabb, District Judge) [citation omitted].

This Court previously recognized that consolidation of this action with Carl and Gay Marschkes' lawsuit is appropriate.  *Carl R. Marschke and Gay A. Marschke v. Barry-Wehmiller Companies, Inc.*, Case No. 09-cv-398-bbc, 10/16/09 Notice to the Court

---

[4] If, on the other hand, BWC's claim is truly repetitious, then the Marschkes will not have to expend much time on additional discovery or briefing.  *Sentry Ins.*, 2009 WL 5087688, *3.

of Opinion & Order [Doc #42].  BWC respectfully requests that this Court grant its pending motion to consolidate, and deny the Marschkes' motion to strike pursuant to Rule 12(f).[5]

WHEREFORE, Plaintiff, Barry-Wehmiller Companies, Inc., respectfully requests an Order denying Defendants' Motion to Strike Pursuant to Rule 12(f) and granting BWC's Motion to Consolidate, and for such other relief as this Court deems just and proper.

DATED:  January 21, 2010.

/s Jeanine R. Bermel, *pro hac admission*

Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone:  314-480-1500
Fax:  314-480-1505
Email:  jeanine.bermel@huschblackwell.com

and

Todd M. Weir, WI #1010442
Neal Krokosky, WI #1061620
Otjen, Van Ert & Weir, S.C.
700 N. Water Street, Suite 800
Milwaukee, WI 53202
Phone:  414-271-7271
Fax:  414-271-7272
Emails:  tweir@otjen.com
              nkrokosky@otjen.com

*Attorneys for Plaintiff Barry-Wehmiller Companies, Inc.*

---

[5] BWC's motion to consolidate is unopposed.  *See* Defendants' Response to Motion to Consolidate [Doc. No. 16].

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system to all attorneys of record on January 21, 2010:

| | |
|---|---|
| Jeffrey J. Liotta, #1000745<br>Nathan A. Fishbach, #1007873<br>Whyte Hirschboeck Dudek, S.C.<br>555 East Wells Street, Suite 1900<br>Milwaukee, WI 53202<br>Phone: 414-978-5545; Fax: 414-223-5000<br>jliotta@whdlaw.com<br>nfishbach@whdlaw.com | Barbara J. Zabawa, State Bar No.1030917<br>Whyte Hirschboeck Dudek S.C.<br>33 East Main Street, Suite 300<br>Madison, WI 53703-4655<br>Telephone:  608-255-4440<br>Fax:  608-258-7138<br>Email:  bzabawa@whdlaw.com |

*Attorneys for Defendants*

s/ Jeanine R. Bermel