IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARRY-WEHMILLER COMPANIES, INC.,

               Plaintiff,

      v.

CARL R. MARSCHKE, KARL W. MARSCHKE,
GAY A. MARSCHKE, LYNDA LUDWIG,
DEAN MARSCHKE and DAN LUDWIG,

               Defendants.

ORDER

09-cv-674-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Two motions are before the court in this case for declaratory relief arising out of a contractual relationship gone sour. Plaintiff Barry-Wehmiller Companies, Inc. seeks to consolidate this case with <u>Marshke v. Barry-Wehmiller Companies, Inc.</u>, 09-cv-398-bbc. Dkt. #10. Defendants believe plaintiff's motion is unnecessary and have moved to dismiss this entire case under Fed. R. Civ. P. 12(f) as "duplicative and repetitious" of case no. 09-cv-398-bbc. Dkt. #12. I am denying defendants' motion because I agree with plaintiff that the two cases do not raise identical issues, even if both relate to the same contract. Because defendants do not oppose plaintiff's motion to consolidate in the event their motion to dismiss is denied, I will grant plaintiff's motion.

1

Originally, this case was filed in the United States District Court for the Eastern District of Missouri. Dkt. #1. Plaintiff alleged that it had purchased assets from Marquip, Inc., which had filed a bankruptcy petition. At the time, defendants held promissory notes executed by Marquip. Plaintiff and defendants entered into a sale agreement under which plaintiff agreed to make payments in the form of stock and cash to defendants in exchange for defendants' rights under the promissory notes. However, the parties disagree about the amounts owed under the agreement and plaintiff seeks a declaration of its rights under the contract.

Later the same day that Barry-Wehmiller filed this lawsuit, Carl Marschke and Gay Marschke filed a lawsuit against Barry-Wehmiller in the Circuit Court for Price County, Wisconsin. As with the case filed in Missouri, the sale agreement was the subject of the Price County case. The Marschkes alleged that Barry-Wehmiller breached the contract "[b]y failing to render an accounting of the [Barry-Wehmiller] stock and paying to [the Marschkes] the cash value" of that stock. The Marshkes asked for monetary and declaratory relief.

Barry-Wehmiller removed the Price County case to this court on the basis of diversity jurisdiction. (Barry-Wehmiller is a Missouri corporation with a principal place of business in that state; the Marschkes are citizens of Wisconsin.) In an opinion and order dated October 16, 2009, I denied Barry-Wehmiller's motion to transfer the case to the Eastern

2

District of Missouri. Two weeks later, the federal court in Missouri transferred this case here.

In asking the court to dismiss this case, defendants rely on <u>Tenneco Inc. v. Saxony Bar & Tube, Inc.</u>, 776 F.2d 1375, 1379 (7th Cir. 1985), in which the court quoted a district court's statement that "when one party to a contract seeks a declaration of the contract's meaning, another party's counterclaim seeking to enforce the contract is 'repetitious and unnecessary.'" However, as defendants acknowledge, I determined in a recent case that it is improper to strike a claim under Rule 12(f) unless it is "a mirror image [of another claim] or completely redundant." <u>U.S. Bank National Association v. Alliant Energy Resources, Inc.</u>, No. 09-cv-78-bbc, 2009 WL 1850813, *3 (W.D. Wis. June 26, 2009).

Defendants have not met that standard. For one thing, the parties in both cases are not the same. Although defendants argue that the additional parties named by plaintiff are unnecessary to the action, that is not a matter I can resolve in the context of a motion under Rule 12.

In addition, the parties do not seek the same type of relief. In case no. 09-cv-398-bbc, the Marschkes request "[a] money judgment in an amount to be determined" and "[d]eclaratory relief and accounting of all stock that should have been awarded and its value as of Carl Marschke's 65th birthday." In this case, Barry-Wehmiller requests the following types of declaratory relief:

3

a) Declaring that Defendants Lynda L. Ludwig, Dan Ludwig and ean Marschke failed to satisfy the conditions precedent set forth in the Sale Agreement, and accordingly, are not entitled to receive future payments under the Sale Agreement;

b) Declaring that, pursuant to the express terms of the Sale Agreement, future payments are calculated based on a percentage of actual margin earned from sales of the product line acquired by Plaintiff through the purchase of certain assets from Marquip, Inc. and the sale of enhancement to that product line in excess of the baseline projected margin referenced in the Sale Agreement;

c) Declaring that the calculation of future payments under the terms of the Sale Agreement do not include margin earned from the sale of product lines acquired from sources other than Plaintiff's purchase of certain assets of Marquip, Inc.;

d) Declaring that Plaintiff's liability for future payments under the terms of the Sale Agreement is limited to the total of $14,700.00 USD and 1,482 shares of Barry-Wehmiller Group, Inc. common shares currently valued at $28.88 USD per share.

These are not simply minor differences in wording as suggested by defendants. Even if I determine that the Marschkes are not entitled to declaratory relief, doing so would not necessarily address all the matters in Barry-Wehmiller's complaint. Accordingly, defendants' motion to dismiss the complaint under Rule 12(f) will be denied.

ORDER

IT IS ORDERED that

1. The motion to dismiss the complaint filed by defendants Carl Marschke, Gay

4

Marschke, Karl Marschke, Lynda Ludwig, Dan Ludwig and Dean Marschke, dkt. #12, is

DENIED.

    2.  Plaintiff Barry-Wehmiller Companies, Inc.'s motion to consolidate this case with

case no. 09-cv-398-bbc, dkt. #10, is GRANTED.

    Entered this 22nd day of February, 2010.

                BY THE COURT:

                /s/

                _____

                BARBARA B. CRABB
                District Judge